**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1809

BASSOUALIHAN COULIBALY,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals
(A98-394-919)

Submitted: April 20, 2007              Decided: July 10, 2007

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Kell Enow, LAW OFFICES OF ENOW & PATCHA, Silver Spring, Maryland,
for Petitioner. Peter D. Keisler, Assistant Attorney General,
Terri J. Scadron, Assistant Director, Greg D. Mack, Senior
Litigation Counsel, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bassoualihan Coulibaly, a native and citizen of Mali, petitions for review of an order of the Board of Immigration Appeals (Board) affirming without opinion the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Because the Board affirmed under its streamlined process, see 8 C.F.R. § 1003.1(e)(4) (2006), the immigration judge's decision is the final agency determination. See Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004).

Coulibaly challenges the immigration judge's finding that his testimony was not credible and that he otherwise failed to meet his burden of proving his eligibility for asylum. We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted), and we uphold credibility determinations if they are supported by substantial evidence. Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006).

We have reviewed the administrative record and the immigration judge's decision and find that substantial evidence supports the adverse credibility finding and the determination that Coulibaly failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility

for asylum.  <u>See</u> 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish eligibility for asylum); <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 483 (1992) (same). Moreover, as Coulibaly cannot sustain his burden on the asylum claim, he cannot establish his entitlement to withholding of removal.  <u>See</u> <u>Camara</u>, 378 F.3d at 367 ("Because the burden of proof for withholding of removal is higher than for asylum-even though the facts that must be proved are the same-an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3) [(2000)]."). In addition, we uphold the finding that Coulibaly failed to establish that it was more likely than not that he would be tortured if removed to Mali. <u>See</u> 8 C.F.R. § 1208.16(c)(2) (2006).

Accordingly, we deny Coulibaly's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>